UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**H&H FARMS, INC., et al.**,  Case No. 3:13 CV 371

    Plaintiffs,  Magistrate Judge James R. Knepp II

    v.  MEMORANDUM OPINION AND ORDER

**JAMES HUDDLE**,

    Defendant.

## INTRODUCTION

Plaintiffs H&H Farms, Inc. and Dwight Huddle filed a Complaint in the Henry County Court of Common Pleas seeking a declaratory judgment finding their lease agreement valid with respect to certain real estate. (Doc. 1-1). Defendant James Huddle, who lives in Colorado, removed the case to this Court and filed a Motion to Dismiss pursuant to Federal Civil Rule 12(b)(6). (Docs. 1, 4). James also filed a Motion to Stay Discovery, which the Court held in abeyance following the Case Management Conference. (Docs. 5, 8). James Huddle argues that even accepting the facts alleged in the Complaint as true, Dwight and H&H Farms have failed to state a claim upon which relief can be granted – namely that their lease is valid and enforceable. (*See* Doc. 4). H&H Farms and Dwight filed an Opposition (Doc. 11), to which James filed a Reply (Doc. 12). The Court has jurisdiction under 28 U.S.C. § 1332, and the parties consented to the undersigned's exercise of jurisdiction in accordance with 28 U.S.C. § 636(c) and Civil Rule 73. (Doc. 7). The Court heard oral arguments on the Motion to Dismiss on May 3, 2013. (Non-document entry dated May 3, 2013). For the reasons explained below, the Court denies James's Motion to Dismiss.

**BACKGROUND**

The dispute pertains to approximately 112 acres of farmland in Henry County, Ohio, known as "Overhome Farm." Some years ago, Overhome Farm was wholly owned by Dwight Huddle and his now-deceased wife, Hazel. (Doc. 1-1, at ¶ 4; Doc. 11, at 3). Over the years, Dwight and Hazel transferred undivided fractional interests in Overhome Farm to their son, James Huddle. (Doc. 1-1, at ¶ 4). Presently, James owns approximately 94 percent of Overhome Farm as an undivided fractional interest, while Dwight retains a 6 percent undivided fractional interest in the land. (Doc. 1-1, at ¶¶ 2–4). The parties hold the land as tenants in common. (Doc. 1-1, at ¶ 5).

Historically, H&H Farms was owned by Dwight Huddle and his other son, John Huddle, Sr. (Doc. 1-1, at ¶ 6). H&H Farms rented and farmed Overhome Farm for many years, paying cash rent to Dwight. (Doc. 1-1, at ¶¶ 6–7). Dwight collected rent from H&H Farms, paid for upkeep of the buildings, paid taxes and insurance, and distributed net rental income to the co-tenants (himself and James Huddle) in proportion to their interests. (Doc. 1-1, at ¶ 7). Since 2007, H&H Farms has been owned by John Huddle, Sr. and his son John Huddle, Jr. (Dwight's grandson and James's nephew). (Doc. 1-1, at ¶ 8). Dwight no longer owns any part of H&H Farms. (Doc. 1-1, at ¶ 8).

On June 27, 2012, Dwight entered into a Farm Ground Rental Agreement (Rental Agreement) with H&H Farms. (Doc. 1-1, at ¶ 9, Ex. A). Dwight signed the Rental Agreement as one of the tenants in common of Overhome Farm. (Doc. 1-1, at ¶ 9). The Rental Agreement, which was recorded, granted H&H Farms the right to use Overhome Farm for eleven years in exchange for $150.00 per acre per year. (Doc. 1-1, at ¶ 9, Ex. A). Through legal counsel, James alleged the Rental Agreement was not enforceable and threatened to treat H&H Farms and its owners John Huddle, Sr. and John Huddle, Jr. (his brother and nephew) as trespassers if they ever attempted to farm

Overhome Farm. (Doc. 1-1, at ¶ 10). Dwight Huddle and H&H Farms ask the Court to declare their Rental Agreement valid and enforceable. (Doc. 1-1). James Huddle asks the Court to dismiss the Complaint for failing to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). The court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

Although a complaint need not contain "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). This standard for Rule 12(b)(6) applies to "all civil actions." *Id.* at n.4 (internal quotation omitted).

**DISCUSSION**

The Court must accept the Complaint's allegations as true for purposes of the Motion to Dismiss. Each side strenuously argues the law clearly establishes its assertions. In essence, the question boils down to this: Does Ohio law permit one co-tenant in common who owns an undivided interest in land to lease the entirety of the property in question without his co-tenant's assent? A review of Ohio property law reveals the simple answer to that question is "yes." Therefore, the Court cannot dismiss the Complaint for failing to state a claim upon which relief can be granted.

Ohio Tenant-in-Common Law and Co-Tenant Rights to Rental Value

Ohio defines a tenancy in common as "a joint interest in property, the only essential element of which is a unity or right of possession." *Koster v. Boudreaux*, 11 Ohio App. 3d 1, 5 (Ohio Ct. App. 1982) (cited by *F.D.I.C. v. Miller*, 2007 WL 915129, *5 n.1 (N.D. Ohio 2007)). Each tenant in common has a separate and distinct title, and each holds his title independently of the other co-tenants. *Id.* Any co-tenant "has a right to enter upon the common estate[] and take possession of the property, subject only to the right of his co-tenant[] to take possession", and a co-tenant who takes possession is not subject to eviction even if his proportional share is less than that of the other co-tenants. *Collins v. Jackson*, 34 Ohio App. 3d 101, 103 (Ohio Ct. App. 1986) (citing *Cohen v. Cohen*, 89 Ohio App. 389 (Ohio Ct. App. 1951), *rev'd on other grounds*, 157 Ohio St. 503 (1952)).

A co-tenant out of possession is entitled to receive his share of the reasonable rental value of the property exclusively used by the co-tenant in possession, regardless of whether the co-tenants have a formal lease arrangement granting exclusive possession or use to one co-tenant. *Modic v. Modic*, 91 Ohio App. 3d 775, 779 (Ohio Ct. App. 1993) (citing *Cohen*, 157 Ohio St. at 503)). This right stems from Ohio Revised Code § 5307.21, which provides, "One tenant in common . . . may

recover from another tenant in common . . . his share of rents and profits received by such tenant in common . . . according to the justice and equity of the case." *See also Modic*, 91 Ohio App. 3d at 779; *Collins*, 34 Ohio App. 3d at 103 ("The law is clear that even though [she] was a co-tenant, she was liable for the reasonable fair rental value of the property."); *Lipps v. Lipps*, 90 Ohio App. 578, 579 (Ohio Ct. App. 1951) ("The duty to account for rents and profits is a duty owing by a coparcener in possession to those out of possession."). In *Cohen*, the Ohio Supreme Court analyzed § 5307.21's statutory predecessor and found "a tenant in common . . . who . . . has sole possession of the premises, is liable to account to his cotenants for their share of the reasonable rental value of such occupancy, possession and use." *Cohen*, 157 Ohio St. at Syllabus, ¶ 1.

The law presumes the possession of some co-tenants is the possession of all, and there must be proof showing an assertion of ownership to the exclusion of the co-tenant out of possession to establish a violation of that co-tenant's interests. *See Ferenbaugh v. Ferenbaugh*, 104 Ohio St. 556, 559–60 (1922). The facts alleged in the Complaint contained no indication James ever requested to physically possess the tillable farm land or was denied his ownership rights in Overhome Farm.[1] Dwight's possession of the land thus was not contrary to James's ownership interest because the law assumes the possession of one co-tenant is the possession of all. As the co-tenant in sole physical possession of the land, however, Ohio law imposed on Dwight the duty to account for rents and profits, and to pay James his share of the reasonable rental value of the property – 94 percent of all net rental income.

---

1. Under its legal definition, "possession" does not necessarily mean "physical possession", as "[a]n estate which gives the right to possess *or* to a participation in the fruits of possession is sufficient." *Rawson v. Brown*, 104 Ohio St. 537, 546 (1922). Thus, someone retains legal possession of land so long as he is "entitled to enjoy the present rents . . . as one of the cotenants". *Id.* at 546–47.

<u>A Lessee Holds Possession of the Property for His Lessor</u>

Ohio law holds "[i]t is axiomatic that when an owner conveys a leasehold estate, the owner retains his fee simple interest in the property." *Broerman v. Blanke*, 1999 WL 280288, *2 (Ohio Ct. App. 1999) (citing *Smith v. Harrison*, 42 Ohio St. 180 (1884)). In *Broerman*, brother and sister Julius L. Broerman and Doris Blanke each owned 1/7 of the subject property, having inherited these shares from their parents. *Broerman*, 1999 WL 280288 at *1 n.1. Before the parties' parents died, Richard Blanke entered into a written lease with them allowing him to farm the subject property for a term of three years, automatically renewable in one year intervals unless either party gave a 90-day advance notice. *Id.* at *1. Mr. Blanke was thus a lessee of the property, but neither a co-tenant in common nor an owner in any way. *Id.*

After appellant Mr. Broerman filed an action for partition, the trial court determined Mr. Blanke's leasehold interest in the subject property divested Mr. Broerman of actual possession or the immediate right to possession of the property. *Id.* at *2. The appellate court disagreed, stating "the possession of the tenant . . . under a lease, perpetual or otherwise, is always the possession of the lessor." *Id.* (quoting *Rawson*, 104 Ohio St. at 546 (finding physical possession was not necessary to maintain a partition action; a *right* to possession or to participation in the "fruits of possession" was sufficient)). As an owner of an undivided fee simple interest in 1/7 of the subject property, Mr. Broerman had a present possessory interest in the property, despite Mr. Blanke's leasehold interest in the same property. *Id.* at *3. That is, Mr. Blanke's leasehold interest in the property did not divest Mr. Broerman of his ownership interest in the property because Ohio considers that a tenant holds possession of property *for* the lessor such that "the possession of the former is the possession of the latter". *Wells v. Twenty-First Street Realty Co.*, 12 F.2d 237, 238 (6th Cir. 1926); *see also Rawson*,

104 Ohio St. at 546.

Here, as the owner of an undivided fractional interest in Overhome Farm – regardless of that interest's size – Dwight has an absolute right to possess the property, subject to the duty to give his co-tenant James an accounting and his share of the reasonable rental value. *Collins*, 34 Ohio App. 3d at 103 (citing *Cohen*, 89 Ohio App. at 389); *Modic*, 91 Ohio App. 3d at 779 (citing *Cohen*, 157 Ohio St. at 503). When Dwight leased Overhome Farm to H&H Farms, he granted H&H Farms his right to physically possess the land for a term of eleven years. Because a tenant's possession of property *is* the landlord's possession of the property, H&H Farms's possession of Overhome Farm is equal to Dwight's possession of Overhome Farm. *Broerman*, 1999 WL 280288 at *3; *Rawson*, 104 Ohio St. at 546. It is just as if Dwight is possessing the land, which he is certainly entitled to do as a tenant in common, subject to the duty to account and pay reasonable rental value to James. Further, under Ohio law this leasehold interest does not divest either James or Dwight of their legal present possessory interests in Overhome Farm. *See Broerman*, 1999 WL 280288 at *3.

A Co-Tenant May Lease His Interest in Property Absent His Co-Tenant's Assent

James urges the Court to dismiss the case because a tenant in common cannot convey or encumber the interest of his co-tenant; divest the interest of his co-tenant; or defeat, defer, or limit another's rights as tenant in common. (Doc. 4, at 5). *See Heiden v. Howes*, 77 Ohio App. 525, 531 (Ohio Ct. App. 1945); *Lewellyn v. Village of South Zanesville*, 43 Ohio App. 385, 390 (Ohio Ct. App. 1932) ("one cotenant cannot convey away the interest of another cotenant, and if he cannot convey away he cannot create a lien upon the interest of his cotenant unless duly authorized and empowered so to do."). But as discussed above, Ohio law holds that a lease does *not* divest co-tenants of their interests in property. *Broerman*, 1999 WL 280288 at *3.

It is true that one tenant in common cannot bind his co-tenant to a contract if the contract is made without the co-tenant's authority, *Mendenhall v. Haven & Co.*, 1891 WL 1403 (Ohio C.D.1891), but – as James even concedes – the contract at issue here is between Dwight and H&H Farms (*see* Doc. 4, at 5). And under *Broerman*, the lease between Dwight and H&H Farms does not interfere with James's property interest in Overhome Farm. It is unclear, therefore, why James would need to approve his father's lease of his father's possessory interest in the land to a third party, when H&H Farms is possessing the land *for* Dwight, and the lease does not divest James of his own interest.

Though James points to case law showing tenants in common may contract with *each other* for the exclusive right to use and occupy the land, at which point the co-tenant lessor's rights are suspended during the lease's existence, nothing requires a formal lease for one co-tenant to possess the entirety of a subject property. *See Cleveland Trust Co. v. Hart*, 100 Ohio App. 66, 68 (Ohio Ct. App. 1955) (after executing a lease with their co-tenants, plaintiffs could not enter the property without becoming trespassers); *Modic*, 91 Ohio App. 3d at 779 (a co-tenant out of possession is entitled to his share of the reasonable rental value of the property exclusively used by another co-tenant, even without an agreement to pay rents or a demand for possession from the out-of-possession co-tenant). And, nothing indicates a co-tenant may not lease his possessory interest to another without his co-tenant's assent. In *Cahen v. Cahen*, 1940 WL 7483 (Ohio Ct. App. 1940), an Ohio appellate court considered a situation in which two brothers owned real estate as tenants in common and Cahen, Inc. leased a storeroom on the premises. *Id.* at *418. The court specifically stated, "It is only necessary to say that *either brother had authority to rent the room under consideration*." *Id.* at *419 (emphasis added). *See also Home Federal Savings & Loan Ass'n of*

*Marion, Ohio v. Kumar*, 1979 WL 207996, \*5 (Ohio Ct. App. 1979) (stating one co-tenant in common had full authority to collect rent, but was bound to account to her co-tenant, and finding the other co-tenant's "clear remedy" was to partition the real estate).

Accepting the allegations in the Complaint as true, the Court finds it "contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Specifically, Dwight and H&H Farms request a declaration that their lease is valid, alleging Dwight and James own Overhome Farm as tenants in common with undivided interests, alleging that as tenant in common, Dwight leased the land to H&H Farms, and alleging James has questioned the lease's validity via legal counsel. (Doc. 1-1, at ¶¶ 2–5, 9–10). When an owner of real property conveys a leasehold interest in that property, he conveys to the lessee his right to possess the property, and the possession of the lessee is the possession of the lessor. That is, during the lease term, the lessee possesses the property for the lessor. In this way, a lease does not divest the co-tenants of their interests in the land. An owner of an undivided fee simple interest in property retains a present possessory interest in the property, despite a third party's leasehold interest in the same property. *Broerman*, 1999 WL 280288 at \*3.

Under this rule, Dwight could convey a leasehold interest transferring his right to physically possess Overhome Farm. Dwight's tenant would then be possessing Overhome Farm *for* Dwight, and this would not divest James of *his* interest in Overhome Farm, but James would be entitled to an accounting and his proportionate share of rental incomes, and he would have other rights as

provided by Revised Code § 5307.21, including the right to partition.[2] Though governed by statute, partition is an equitable remedy and a court "has considerable discretion in attempting to fashion a fair and just remedy" in equitable matters so long as it does not "flout or override specific statutory mandates". *Thrasher v. Watts*, 193 Ohio App. 3d 569, 574–75 (Ohio Ct. App. 2011) (citing Revised Code § 5307.01 *et seq.*; *Russell v. Russell*, 137 Ohio St. 153 (1940); *Wells Fargo Bank, N.A. v. Young*, 2011-Ohio-122, ¶ 63 (Ohio Ct. App. 2011); *Redmon v. Surina*, 2005-Ohio-2472 (Ohio Ct. App. 2005); *Winchell v. Burch*, 116 Ohio App. 3d 555, 561 (Ohio Ct. App. 1996) (internal quotations omitted)). Lacking authority explicitly stating the contrary, the Court believes, in this case, where a six percent owner leased farm land to a third party for 11 years without the 94 percent owner's agreement, it would seem inequitable for that lease to remain with the land following a partition sale. A property owner may only convey the rights he possesses, and the right Dwight leased to H&H Farms – his right to physically possess and use Overhome Farm – would cease when a partition sale severed his interest in the property.

James argues Dwight and H&H Farms have not stated a claim upon which relief can be granted because he alleges one cotenant cannot lease the property without his cotenant's assent. Here, Dwight has leased to H&H Farms *his* right as a tenant in common to possess Overhome Farm. That does not divest James's interest, though there are still obligations for an accounting and reasonable rental value. And, though it is true one co-tenant cannot bind another to a contract, that

---

2. Ohio law clearly holds that a lease is no obstacle to a partition action. *Rawson*, 104 Ohio St. at 545–47 (99 year lease renewable forever did not prevent partition); *Broerman*, 1999 WL 280288 at *2–3; *Forest Park Properties, Inc. v. Pine*, 9 Ohio App. 2d 348, 351 (Ohio Ct. App. 1966) (partition possible where the land was subject to 99 year lease with option to purchase); *Crowe v. Crowe*, 12 Ohio App. 43, 44 (Ohio Ct. App. 1919) ("The existence of an ordinary lease for years, under which the tenant is in possession, paying rent to the owners of the fee, is no obstacle to partition".); *Werner v. Gloss*, 6 Ohio Dec. Reprint 1239, 1240 (Sup. Ct. of Cincinnati 1886).

is not really relevant here. All parties agree the Rental Agreement is between Dwight and H&H Farms, and James did not need to be a party to a contract leasing his father's possessory interest in the land to a third party. Especially taking into account *Cahen*'s direct statement that either co-tenant can lease property, 1940 WL 7483 at *419, Ohio law permits one co-tenant to lease his interest to a third party without his co-tenant's agreement.

## CONCLUSION

For the above-stated reasons, Plaintiffs have stated a claim for which relief can be granted. Subject to the ongoing duty to provide an accounting and reasonable rental values, Ohio law reveals a lease of the type at issue here can be enforceable. The Court therefore denies Defendant's Motion to Dismiss.

    s/James R. Knepp, II
United States Magistrate Judge